IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID D. POTTER, #217756, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIV. A. NO. 17-0217-CG-MU ) |
| STATE OF ALABAMA, | ) ) |
| Respondent. | ) ) |

## **REPORT AND RECOMMENDATION**

This action is before the Court on Petitioner David D. Potter's Petition under 28 U.S.C. § 2241. (Doc. 1). Potter was convicted and sentenced in Houston County, Alabama, and he is currently incarcerated at Easterling Correctional Facility in Clio, Alabama, which is in Barbour County. His current action is based upon allegations that he has been charged with promoting prison contraband in Houston County, is being detained because of that pending case, and wants to enter a plea bargain in that case, but the State has not responded to his request and has not set his trial. (Doc. 1 at pp. 15-17). An application for a writ of habeas corpus under § 2241 "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him…." 28 U.S.C. § 2241(d). Easterling Correctional Facility, where Potter is currently incarcerated, is in Barbour County, Alabama, which is within the Middle District of Alabama (Northern Division). 28 U.S.C. § 81(b)(1). Potter was convicted and sentenced and has current charges pending in Houston County, Alabama, which is also within the Middle District of Alabama (Southern Division). 28 U.S.C. § 81(b)(2). Accordingly, Potter should have

filed the current petition in the Middle District, not the Southern District, of Alabama. This Court lacks subject matter jurisdiction to consider Potter's petition. S*ee Crittenden v. Ala. Dep't of Corr.*, Civ. A. No. 14-0147-KD-N, 2014 WL 1826626, at * 1 (S.D. Ala. May 8, 2014).

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed…." As set forth above, the only district court in which Potter's action could have been filed is the Middle District of Alabama. Because the issue of concurrent jurisdiction is not present here, in the interest of justice, the undersigned **RECOMMENDS** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 2241(d) and 28 U.S.C. § 1631. *See, e.g., Marin v. Fla.,* No. 4:13cv65-MW/CAS, 2013 WL 1405913, at *1 (N.D. Fla. Mar. 19, 2013) (recognizing that the prisoner's petition was filed in the wrong federal district, the court transferred the case to the only correct federal district, as opposed to dismissing for lack of jurisdiction), *report and recommendation adopted*, 2013 WL 1405910 (N.D. Fla. Apr. 8, 2013).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that

under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **19th** day of **May, 2017**.

s/P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**